SHARP, W., J.
Railing filed a request that this court treat his petition for writ of habeas corpus for a belated appeal which asserts ineffective assistance of appellate counsel, as timely filed under the mailbox rule.[1] We deny his petition without prejudice to file a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). Under the rule, Railing must provide, among other things, allegations entitling him to a belated appeal and executed by him under oath.
This is an unusual case in that if Railing’s allegations are correct, his petition challenging the effectiveness of appellate counsel was timely filed under the mailbox rule. Railing was convicted in a criminal case and his direct appeal to this court (5D99-3321) was affirmed on September 12, 2000. On September 29, 2002 (the date on which the mandate issued), the two-year time limit in which to file such a petition would have expired, absent exceptional circumstances. Fla. R.App. P. 9.141(c)(4).
In his current request, Railing claims he filed his petition on August 27, 2002, by delivering it to prison authorities, but for reasons unknown to all concerned, this court has no record of ever receiving such a document. In response to a letter of inquiry from Railing dated June 24, 2003, this court responded that our records “fail to reflect any pending or prior petition alleging ineffective assistance of appellate counsel.”
DENIED without prejudice.
PALMER and TORPY, JJ., concur.

. Fla. R.App. P. 9.420(a)(2).